UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CANDYCE GRANT,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. COLIN SPARKS, and
Dets. JOHN DOES 1-3, JOHN DOE SUPERVISORS 4-6.

Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff CANDYCE GRANT, by her attorneys, the Law Office of Zachary Margulis-Ohnuma, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as secured by said statutes, the common law, and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, and, with respect to claims brought under the laws of the State of New York, 28 U.S.C. § 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28

U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter

pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      At all relevant times herein, Plaintiff CANDYCE GRANT was a 29-year-

old African-American female, a citizen of the United States, and a resident of the City

and State of New York, County of Queens.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation

duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to

perform all functions of a police department as per the applicable sections of the New

York State Criminal Procedure Law, acting under the direction and supervision of the

aforementioned municipal corporation, City of New York.

9.      At all times hereinafter mentioned the individually named defendants

COLIN SPARKS and DETS. "JOHN DOE" #1-3 were duly sworn police officers of said

department and were acting under the supervision of said department and according to

their official duties.

10.     At all times hereinafter mentioned the individually named defendants

JOHN DOE SUPERVISORS #4-6 were duly sworn officers of said department who

supervised the other individual defendants and were acting according to their official duties.

11.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**<u>FACTS</u>**

14.     On or about June 8, 2015, plaintiff CANDYCE GRANT was living in a house in Queens on 118th Avenue that she shared with her mother, her three young children, and her roommate Antonio Winfield. That morning, plaintiff CANDYCE GRANT woke up and saw blood on the kitchen floor. She went and got her mother, who was upstairs. Together, they found Mr. Winfield in his bedroom bleeding from what appeared to be stab wounds. CANDYCE GRANT asked what happened and Antonio mumbled that he got jumped. CANDYCE GRANT immediately called 911. Mr. Winfield was taken to the hospital and never returned to the house on 118th Avenue.

15.     On or about June 15, 2015, COLIN SPARKS and Det. JOHN DOE #1 arrested plaintiff CANDYCE GRANT at her home, in front of her three children.

16.     The officers placed her in handcuffs.

17.     They took her to the 105th Precinct.

18.     Upon information and belief, COLIN SPARKS and Det. JOHN DOE #1 did not have a warrant to arrest CANDYCE GRANT.

19.     COLIN SPARKS and Det. JOHN DOE #1 attempted to question CANDYCE GRANT at the 105th Precinct.

20.      CANDYCE GRANT told COLIN SPARKS and Det. JOHN DOE #1 that she did not want to make any statement and that she wanted to have an attorney present.

21.     COLIN SPARKS and Det. JOHN DOE #1 nonetheless repeatedly continued questioning CANDYCE GRANT in violation of her Fifth and Sixth Amendment rights.

22.     That day, the Defendants presented false information to the Queens County District Attorney's Office.

23.     COLIN SPARKS also signed a false felony complaint (the "Complaint").

24.     The Complaint falsely accused CANDYCE GRANT of attempted murder, assault, and criminal possession of a weapon.

25.     The Complaint purported to be based on statements by Antonio Winfield to the effect that CANDYCE GRANT inflicted his injuries on him.

26.     In fact, Mr. Winfield never made a statement accusing CANDYCE GRANT of inflicting his injuries.

27.     The Complaint stated that Mr. Winfield, informed COLIN SPARKS that CANDYCE GRANT "engaged him in a verbal dispute in the kitchen."

28. Antonio Winfield never informed COLIN SPARKS that CANDYCE GRANT "engaged him in a verbal dispute in the kitchen."

29. The Complaint stated the victim, Antonio Winfield, informed COLIN SPARKS that CANDYCE GRANT "grabbed a kitchen knife and stabbed [Mr. Winfield] and slashed him multiple times in both arms, causing multiple lacerations to the complainant's arms and substantial pain."

30. Antonio Winfield never informed COLIN SPARKS that CANDYCE GRANT "grabbed a kitchen knife and stabbed [Mr. Winfield] and slashed him multiple times in both arms, causing multiple lacerations to the complainant's arms and substantial pain."

31. The Complaint stated the victim, Antonio Winfield, informed COLIN SPARKS that CANDYCE GRANT came "out of the residence with the knife and slashed him in the neck and throat repeatedly, stabbing him twice in the chest, and slashed him multiple times on the arms, causing multiple lacerations and puncture wounds to the complainant's neck, chest, and arms, substantial pain, as well as causing the complainant to lose consciousness."

32. Antonio Winfield never informed COLIN SPARKS that CANDYCE GRANT came "out of the residence with the knife and slashed him in the neck and throat repeatedly, stabbing him twice in the chest, and slashed him multiple times on the arms, causing multiple lacerations and puncture wounds to the complainant's neck, chest, and arms, substantial pain, as well as causing the complainant to lose consciousness."

33. On June 16, 2015, plaintiff CANDYCE GRANT appeared before the Hon. Althea Drysdale, a judge in Queens Criminal Court.

34.    Based on the false accusations of the Defendants, Judge Drysdale set bail in the amount of $75,000.

35.    Plaintiff CANDYCE GRANT was then transferred to a detention facility on Rikers Island.

36.    While plaintiff CANDYCE GRANT was incarcerated at Rikers Island, the victim Antonio Winfield signed a written statement that says, in sum and substance, that he was attacked by a group of males outside of his home, that CANDYCE GRANT was not one of his attackers, and that he told the detectives that. After the attack, he went inside to call 911 but blacked out. The next thing he remembers is waking up at the hospital.

37.    On June 24, 2015, the Hon. Stephen Knopf of Queens County Supreme Court granted a writ of *habeas corpus* reducing the bail to $5,000 cash.

38.    CANDYCE GRANT was released from Rikers Island on June 25, 2015 after a family member posted her bail.

39.    While plaintiff CANDYCE GRANT was in custody, she did not see her three children except on one occasion, when her two older children visited her at Rikers Island.

40.    Plaintiff CANDYCE GRANT was required to attend three (3) additional court hearings after her release from custody.

41.    At the final hearing, held on October 5, 2015, the People moved to dismiss the case.

42.    At that hearing, the assistant district attorney admitted that the People "could not prove the case."

43.     The motion was granted and the case was dismissed and sealed. The order of protection was vacated. The bail was exonerated.

44.     At no time on or about June 8, 2015, did plaintiff CANDYCE GRANT participate in the attempted murder or assault of Antonio Winfield.

45.     At no time did defendants possess information that would lead a reasonable officer to believe that plaintiff CANDYCE GRANT participated in any attempted murder or assault on Mr. Winfield.

46.     While plaintiff CANDYCE GRANT was in custody at Rikers Island, defendants possessed information exculpating plaintiff CANDYCE GRANT from the attempted murder and assault on Mr. Winfield. They failed to bring this information to the attention of prosecutors and permitted her detention to continue despite knowledge that she was innocent of any crime.

47.     While plaintiff CANDYCE GRANT was in custody at Rikers Island, defendants failed to further investigate information showing that she was innocent of any crime and thereby needlessly permitted her pretrial incarceration to continue.

48.     As a result of the foregoing, plaintiff CANDYCE GRANT sustained, *inter alia*, loss of liberty, loss of income, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, attorneys fees, and deprivation of her constitutional rights.

## FEDERAL CLAIMS

### COUNT I

**42 U.S.C. § 1983 Fifth and Fourteenth Amendment Claims for Violation of Candyce Grant's Right not to be Deprived of Liberty as a Result of the Fabrication of Evidence by a Government Investigator and Her Right not to be Deprived of Liberty without Due Process of Law**

49.     Plaintiff repeats, reiterates and realleges each and every preceding allegation with the same force and effect as if fully set forth herein.

50.     Defendants deliberately fabricated inculpatory evidence against CANDYCE GRANT, to wit, they made up and communicated to prosecutors the references in the felony complaint to a statement by the victim naming CANDYCE GRANT as his attacker, thereby depriving CANDYCE GRANT of her Fourteenth Amendment right not to be deprived of liberty as a result of the fabrication of evidence by a government investigator and not to be deprived of liberty without due process of law.

51.     The fabrication by the defendants was used against CANDYCE GRANT as the basis for her unlawful arrest and detention at Rikers Island.

52.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

53.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

54.     No reasonable officer would have believed this conduct was lawful.

55.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

56.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

## COUNT II

### 42 U.S.C. § 1983 Fourth and Fourteenth Amendment Claim for Malicious Prosecution

57.     Plaintiff repeats, reiterates and realleges each and every preceding allegation with the same force and effect as if fully set forth herein.

58.     Defendants, acting individually and in concert, with malice and knowing that probable cause did not exist to arrest, detain, and prosecute CANDYCE GRANT for the assault of Antonio Winfield, caused CANDYCE GRANT to be arrested, charged, and prosecuted for that crime, thereby violating her clearly established right, under the Fourth and Fourteenth Amendments of the United States Constitution, to be free of unreasonable searches and seizures.

59.     Specifically, Defendants with malice, knew or in the absence of their deliberate and reckless indifference to the truth should have known that probable cause did not exist to arrest and prosecute CANDYCE GRANT, including but not limited to the facts that the alleged statement by the victim, Antonio Winfield, inculpating CANDYCE GRANT in the crime, was fabricated by the defendants which undermined the evidence presented in support of a probable cause finding against CANDYCE GRANT.

9

60.     In addition, the defendant officers, with malice, acting individually and in concert, intentionally and knowingly, deliberately misrepresented the truth and withheld exculpatory facts from prosecutors that vitiated probable cause against CANDYCE GRANT.

61.     The defendant officers performed the above-described acts under color of state law, deliberately, intentionally, or with reckless disregard for the truth and CANDYCE GRANT's rights, and with malice.

62.     Defendants initiated and continued the prosecution against CANDYCE GRANT without probable cause, in violation of her clearly established constitutional rights.

63.     No reasonable officer would have believed this conduct was lawful.

64.     Candyce Grant is innocent of the assault against Antonio Winfield.

65.     The prosecution finally terminated in CANDYCE GRANT's favor on October 5, 2015, when the complaint was dismissed and sealed.

66.     As a direct and proximate result of the foregoing, CANDYCE GRANT's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing, incarceration and other physical restraints all without probable cause.

## COUNT III

**42 U.S.C. § 1983 Fourth and Fourteenth Amendment Claim for Failure to Investigate Available Exculpatory Evidence, under *Russo v. City of Bridgeport***

67.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs as if the same were more fully set forth at length herein.

68.     Defendants, acting individually and in concert, ignored the facts in front of them and failed to investigate evidence that they knew, or in the absence of their deliberate and reckless indifference should have known, vitiated probable cause for the prosecution of CANDYCE GRANT.

69.     The deliberate and reckless investigative failures of the defendants included, but were not limited to: failure to investigate the victim's claim that he was jumped by three men, failure to analyze the physical evidence left at the crime scene, failure to analyze the clothing worn by CANDYCE GRANT at the time that she reported the crime, and failure to identify or obtain physical evidence from the knife used in the attack.

70.     The deliberate and reckless failure to investigate by the defendant detectives, officers, and supervisors deprived CANDYCE GRANT of her clearly established constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution, including but not limited to her right not to be subject to unreasonable seizures.

71.     The defendant officers performed the above-described acts under color of state law, deliberately, recklessly, with malice, and with deliberate indifference or reckless disregard for CANDYCE GRANT'S constitutional rights and innocence.

72.     No reasonable officer would have believed defendants' conduct was lawful.

73.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, she was humiliated and

subjected to handcuffing and other physical restraints, and maliciously prosecuted all without probable cause.

**COUNT IV**

**42 U.S.C. § 1983 Civil Rights Conspiracy**

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs as if the same were more fully set forth at length herein.

75.     Defendants, acting within the scope of their employment and under color of state law, agreed among themselves and with others to act in concert in order to deprive CANDYCE GRANT of her clearly established Fourth, Fifth, and Fourteenth Amendment rights to be free from malicious prosecution and deprivation of liberty without due process of law.

76.     As a direct and proximate result of defendants' actions CANDYCE GRANT was wrongly charged, detained, and prosecuted and suffered the other damages and injuries set forth above.

**COUNT V**

**42 U.S.C. § 1983 Failure to Intercede**

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs as if the same were more fully set forth at length herein.

78.     By their conduct and under color of law, the defendant officers had opportunities to intercede on behalf of CANDYCE GRANT to prevent the violation of her right against her malicious prosecution, and the deprivation of her liberty without due

process of law, but, due to their intentional conduct and/or reckless or deliberate

indifference, declined or refused to do so.

79.     The defendant officers' failures to intercede violated CANDYCE

GRANT's clearly established constitutional rights, including but not limited to her right

not to be deprived of liberty without due process of law as guaranteed by the Fifth and

Fourteenth Amendments.

80.     The defendant officers performed the above-described acts under color of

state law, deliberately, recklessly and with deliberate indifference or reckless disregard

for CANDYCE GRANT's constitutional rights and innocence. No reasonable officer

would have believed this conduct was lawful.

81.     As a direct and proximate result of defendants' actions, CANDYCE

GRANT was arrested, held at Rikers Island for 11 days, and suffered the other grievous

damages and injuries set forth above.

## COUNT VI

### 42 U.S.C. § 1983 Supervisory Liability

82.     Plaintiff repeats, reiterates and realleges each and every allegation

contained in the preceding paragraphs as if the same were more fully set forth at length

herein.

83.     Defendants JOHN DOE SUPERVISORS #4-6, acting within the scope of

their employment and under color of state law, were personally involved in the case

against CANDYCE GRANT, and knew, or in the absence of their deliberate indifference,

recklessness, and gross negligence should have known, that their subordinate officers had

deprived CANDYCE GRANT of her clearly established constitutional rights through

misconduct that included the fabrication of an inculpatory statement by the victim,

Antonio Winfield; deliberately ignoring evidence of CANDYCE GRANT's innocence; and violating their ongoing affirmative obligation to come forward with evidence of innocence and the truth of their own misconduct.

84. JOHN DOE SUPERVISORS #4-6, by deliberately and/or recklessly failing to supervise their subordinate officers, and by their active and direct participation in and facilitation of their subordinates' misconduct, caused their subordinates to deprive CANDYCE GRANT of her clearly established constitutional rights, including but not limited to her right not to be deprived of liberty without due process of law.

85. JOHN DOE SUPERVISORS #4-6 actions were in violation of clearly established constitutional law, and no reasonable law enforcement officer would have believed that the supervisory defendants' actions were lawful.

86. As a direct and proximate result of the actions of JOHN DOE SUPERVISORS #4-6, CANDYCE GRANT was wrongly detained, prosecuted, and suffered the other grievous and continuing injuries and damages as set forth above.

## COUNT VII

### 42 U.S.C. § 1983 False Arrest

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

88. As a result of the aforesaid conduct by defendants, CANDYCE GRANT was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

89.     As a result of the foregoing, CANDYCE GRANT's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## COUNT VIII

### 42 U.S.C. § 1983 Warrantless Arrest in the Home

90.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

91.     CANDYCE GRANT resides at the home on 118th Avenue in Queens mentioned above.

92.     On June 14, 2015, CANDYCE GRANT was inside her home with her three children.

93.     COLIN SPARKS and Det. John Doe #1 arrived at CANDYCE GRANT's home, demanded she exit the home, placed her in handcuffs, and drove her to the 105th police precinct.

94.     CANDYCE GRANT's three young children were present when she was arrested.

95.     CANDYCE GRANT did not give COLIN SPARKS and Det. John Doe #1 permission to enter her home.

96.     CANDYCE GRANT did not voluntarily exit her home.

97.     No arrest warrant was issued authorizing the arrest of CANDYCE GRANT.

98.     CANDYCE GRANT suffered a loss of liberty and emotional distress as a result of being arrested at her home.

99.     As a result, defendants violated CANDYCE GRANT's right under the Fourth Amendment of the United States Constitution to be free from unreasonable seizures of her person.

100.     No reasonable officer would have believed this conduct was lawful.

## PENDENT STATE CLAIMS

101.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

102.     On or about December 21, 2015, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50(e).

103.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

104.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

105.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

106.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## COUNT IX

### Malicious Prosecution

107.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

108.    On June 15, 2015, defendants commenced a criminal proceeding against plaintiff CANDYCE GRANT.

109.    Defendants lacked probable cause to commence said criminal proceeding against plaintiff CANDYCE GRANT.

110.    Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiff CANDYCE GRANT.

111.    From June 15, 2015, through June 25, 2015, plaintiff was incarcerated due to the unlawful prosecution initiated by defendants.

112.    On October 5, 2015, the criminal prosecution against plaintiff CANDYCE GRANT was terminated in her favor when all charges against her were dismissed.

113.    As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

114.    Defendant City of New York is liable for the acts of defendant police officers under the doctrine of *respondeat superior*.

**COUNT X**

**Intentional, Reckless, or Negligent Infliction of Emotional Distress**

110.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

111.     The improper, deliberate and traumatizing conduct of defendants in deliberately causing, or recklessly disregarding the risk of causing, the wrongful prosecution and detainment, and concomitant severe emotional distress, directly and proximately caused the injuries and damages set forth above.

112.     In the alternative, defendants negligently and grossly negligently, and in breach of their duties owed to CANDYCE GRANT to report accurately the information taken from other witnesses and their investigative responses to such information; and refrain from fabricating evidence, coercing and manipulating CANDYCE GRANT, and otherwise acting to deny CANDYCE GRANT due process of law, directly and proximately caused CANDYCE GRANT, a single mother, to be falsely arrested, maliciously prosecuted, and wrongly incarcerated. Defendants' actions unreasonably endangered CANDYCE GRANT's physical health and safety, and caused her to suffer mental distress resulting from the circumstances and duration of her wrongful incarceration.

113.     Defendants engaged in these acts within the scope of their employment.

## COUNT XI

### Negligence

114.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

115.      Defendants are liable for negligence, having breached their duty of reasonable care to CANDYCE GRANT.

116.     Specifically, and by way of example, defendants: (a) failed to ensure that they did not contaminate Antonio Winfield's statement by providing him with non-public facts about the murder; (b) failed to report accurately the circumstances of Antonio Winfield's interviews, including information they provided to Antonio Winfield and information originating with Antonio Winfield; (c) failed to take adequate care in interviewing Antonio Winfield; (d) failed to properly investigate the three men who attacked Antonio Winfield; and (e) failed to preserve and analyze physical evidence, including evidence from the crime scene and evidence that should have been found on CANDYCE GRANT if she were involved in the attack.

117.     Defendants' negligence and gross negligence directly and proximately caused CANDYCE GRANT to be wrongly prosecuted and incarcerated.

118.     Defendants engaged in these acts within the scope of their employment.

## COUNT XII

### False Arrest

119.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

120.    Defendant police officers arrested plaintiff CANDYCE GRANT in the absence of probable cause and without a warrant.

121.    As a result of the aforesaid conduct by defendants, CANDYCE GRANT was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.  The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

## COUNT XIII

### False Imprisonment

122.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

123.    As a result of the foregoing, CANDYCE GRANT was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and humiliated and subjected to handcuffing and other physical restraints.

124.    Plaintiff was conscious of said confinement and did not consent to same.

125.    The confinement of plaintiff was without probable cause and was not otherwise privileged.

126.     As a result of the aforementioned conduct, plaintiff has suffered mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## COUNT XIV

### *Respondeat Superior* Claim Against the City of New York

127.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.g

128.      At all times relevant to this Complaint, defendants COLIN SPARKS, Dets. JOHN DOES 1-3, and JOHN DOE SUPERVISORS 4-6 acted as agents of the City of New York, in furtherance of the business, including law enforcement functions, of the City of New York, and within the scope of their employment or agency with City of New York.

129.     The conduct by which the defendant officers committed the torts of malicious prosecution, intentional, reckless or negligent infliction of emotional distress, and negligence was not undertaken for the defendant officers' personal motives, but rather was undertaken while the defendant officers were on duty, carrying out their routine investigative functions as detectives and police officers, and engaging in such conduct as would have been reasonably expected by the City of New York. The conduct of the individual defendants in committing the above-described torts was reasonably foreseeable by the City of New York.

130.     Under the doctrine of *respondeat superior*, the City of New York is liable for their agents' state law torts of malicious prosecution, intentional, reckless or negligent infliction of emotional distress, and negligence.

**WHEREFORE**, CANDYCE GRANT demands judgment in the sum of $10,000,000 and is further entitled to punitive damages against the individual defendants in the sum of $10,000,000 in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
   August 1, 2016

      LAW OFFICE OF ZACHARY MARGULIS-OHNUMA

      BY: _____
      ZACHARY MARGULIS-OHNUMA
      260 Madison Avenue, 17th Floor
      New York, NY 10016
      (212) 685-0999
      *Attorneys for Plaintiff Candyce Grant*